IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20342

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

NIMA NAZERZADEH

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
4:06-CR-30-1

Before JONES, Chief Judge, and GARWOOD, and JOLLY, Circuit Judges.

PER CURIAM:[*]

Nima Nazerzadeh pled guilty to possession and distribution of child pornography, crimes that made him eligible under the Sentencing Guidelines for a sentence of 210 to 262 months. The district court instead sentenced Nazerzadeh to the statutory minimum of five years, as well as a lifetime term of supervised release. The government appealed that sentence, and we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the government acknowledged at oral argument, appeals of this kind are likely to be rare in the light of recent Supreme Court jurisprudence, particularly Gall v. United States, 128 S.Ct. 586 (2007), and Kimbrough v. United States, 128 S.Ct. 558 (2007).

Under Gall, we first evaluate the sentence imposed by the district court for procedural error and then for substantive reasonableness. 128 S.Ct. at 596–97. Here, there was no procedural error: the district court properly calculated the Guidelines range and gave reasons for its downward departure from that range in a sentencing colloquy and an accompanying statement of reasons. Though both are somewhat limited in their actual exposition of the district court's reasoning, they do provide sufficient basis for review of the district court's sentencing. See id. at 597.

We review a sentence for reasonableness under a deferential abuse of discretion standard. Id. at 598. The district court's sentence was substantially motivated by its perception of Nazerzadeh's psychological problems; its departure on this basis reflected a disagreement with the Guidelines. And such disagreement is permissible so long as an adequate explanation is given. See Kimbrough, 128 S.Ct. at 575. The district court took a significant amount of testimony relating to Nazerzadeh's particular psychological maladies, and we cannot say its crediting of this testimony was unreasonable. Nor can we say that five years of imprisonment followed by a lifetime term of supervised release does not comport with the mandates of 18 U.S.C. § 3553(a). Accordingly, the district court's sentence is AFFIRMED.